UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JERRY LEE MORRISSETTE,<br><br>　　　　　　Petitioner,<br>　　v.<br>PERRY RUSSELL, *et al.*,<br>　　　　　　Respondents. | Case No. 3:21-cv-00189-ART-CLB<br><br>ORDER |

This habeas matter is before the Court on Respondents' Motion to Dismiss (ECF No. 35). For the reasons discussed below, Respondents' motion is denied.

**I.　　Background**

Petitioner challenges a 2015 judgment of conviction imposed by the Second Judicial District Court of Washoe County. (ECF No. 33-12.) A jury found Petitioner guilty of Causing the Death of Another by Driving or Being in Actual Physical Control of a Vehicle While Under the Influence of a Controlled Substance and/or a Prohibited Substance. (*Id.*) The state court sentenced Petitioner to term of imprisonment of 96 months to 240 months. (*Id.*)

On appeal, the Nevada Supreme Court affirmed the judgment of conviction. (ECF Nos. 33-13, 33-30.) Petitioner filed a state habeas petition, which the state court denied. (ECF Nos. 33-35, 34-28.) The Nevada Court of Appeals affirmed the denial of relief. (ECF No. 34-47.) Petitioner initiated this federal habeas proceeding *pro se*. (ECF No. 1.) The Court appointed counsel and granted leave to amend the petition. (ECF Nos. 6, 14.)

In his second amended petition, Petitioner raises a claim of ineffective assistance of counsel with six subclaims and a claim that the cumulative effect of trial counsel's errors violated Petitioner's Sixth and Fourteenth Amendment

1 rights. (ECF No. 24.) Respondents move to dismiss the petition as a mixed petition containing unexhausted claims arguing that Grounds 1(B)-(F) and Ground 2 are unexhausted. (ECF No. 35.) Petitioner argues that Grounds 1(B)[1], 1(E), and Ground 2 as it relates to Grounds 1(B) and 1(E) are exhausted. (ECF No. 47.) Petitioner concedes that Grounds 1(C), 1(D), 1(F), and Ground 2 as it relates to 1(C), (D), and (F) were not presented to the Nevada state courts, but he argues that they are technically exhausted, and he can overcome the procedural default. (*Id.*)

**II.  Discussion**

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

"Fair presentation requires that the petitioner 'describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008). A petitioner may reformulate

---

[1] In their reply, Respondents concede that Ground 1(B) was exhausted in state court. (ECF No. 50 at fn 1.)

2

his claims so long as the substance of his argument remains the same. *Picard v. Connor*, 404 U.S. 270, 278 (1971). Thus, a petitioner may provide additional facts in support of a claim to the federal habeas court so long as those facts do not fundamentally alter the legal claim that was presented to the state courts. *See, e.g., Vazquez v. Hillery*, 474 U.S. 254, 260 (1986).

"A claim has not been fairly presented in state court if new factual allegations either 'fundamentally alter the legal claim already considered by the state courts,' or 'place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.'" *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014). "[T]his rule allows a petitioner who presented a particular [ineffective assistance of counsel] claim, for example, that counsel was ineffective in presenting humanizing testimony at sentencing, to develop additional facts supporting that particular claim." *Poyson v. Ryan*, 879 F.3d 875, 895 (9th Cir. 2018) (quoting *Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005)). However, "[i]t does not mean … that a petitioner who presented an ineffective assistance of counsel claim below can later add unrelated alleged instances of counsel's ineffectiveness to his claim." *Id.*

### a. Ground 1(E)

In Ground 1(E), Petitioner alleges that trial counsel rendered ineffective assistance for failure to ensure the jury received an intervening cause or contributory negligence instruction. (ECF No. 24 at 17-19.) Petitioner asserts that he properly raised this claim in his state habeas petition. (ECF No. 9-9 at 13-16.) He further asserts that he incorporated this claim on appeal. (ECF No. 34-40 at 41-44.)

Respondents argue that Petitioner did not fairly present this claim to the Nevada appellate court. (ECF No. 50 at 2-3.) They assert that although Petitioner on appeal "fault[ed] trial counsel for not choosing the right theory of defense which would have entitled him to a supporting jury instruction," Petitioner did

3

not allege that trial counsel was ineffective for failing to request particular jury instructions as alleged in his second amended federal petition. (*Id.* at 3.)

The Court finds that Ground 1(E) is exhausted. On appeal from the denial of his state habeas petition, Petitioner argued that trial counsel provided ineffective assistance and that Petitioner had a proximate causation defense. (ECF No. 34-40 at 41.) He asserted that "following a proper proximate causation instruction, a reasonable juror could have concluded that it was unforeseeable to [Petitioner] that [the victim] would do that, and with the benefit of hindsight, abnormal, or extraordinary; and that her failure to yield to him occurred after his failure to yield to her, not before," and therefore, "a reasonable jury would find [the victim] to be negligent and that her negligence was the proximate cause of her death." (*Id.* at 43.) In his reply brief, Petitioner further argued that Petitioner "would have received a proximate causation instruction if one had been tendered." (ECF No. 34-43 at 12.) Accordingly, Ground 1(E) is exhausted because Petitioner fairly presented it to the Nevada appellate court.

### b. Ruling on Grounds 1(C), 1(D), 1(F), and Ground 2, as it relates to 1(C), 1(D), and 1(F) are deferred.

Petitioner acknowledges that Grounds 1(C), 1(D), 1(F), and Ground 2, as it relates to those claims, were not presented to the state courts but argues the claims are technically exhausted as he can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012), to overcome the procedural default. (ECF No. 47 at 10-19.) A federal court need not dismiss a claim on exhaustion grounds if it is clear that the state court would find the claim procedurally barred. *See Castille*, 489 U.S. at 351; *see also Dickens*, 740 F.3d at 1317 ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court."). A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir.

2002). Where a petitioner has "procedurally defaulted" a claim, federal review is barred unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

"Generally, post-conviction counsel's ineffectiveness does not qualify as cause to excuse a procedural default." *Ramirez v. Ryan*, 937 F.3d 1230, 1241 (9th Cir. 2019) (citing *Coleman,* 501 U.S. at 754-55). However, in *Martinez*, the Supreme Court created a narrow exception to the general rule that errors of post-conviction counsel cannot provide cause for a procedural default. *See* 566 U.S. at 16-17. "Under *Martinez,* the procedural default of a substantial claim of ineffective assistance of trial counsel is excused, if state law requires that all claims be brought in the initial collateral review proceeding … and if in that proceeding there was no counsel or counsel was ineffective." *Ramirez*, 937 F.3d at 1241 (citing *Martinez*, 566 U.S. at 17). Nevada law requires prisoners to raise ineffective assistance of counsel ("IAC") claims for the first time in a state petition seeking post-conviction review, which is the initial collateral review proceeding for the purposes of applying the *Martinez* rule.[2] *See Rodney v. Filson*, 916 F.3d 1254, 1259-60 (9th Cir. 2019).

To establish cause and prejudice to excuse the procedural default of a trial-level IAC claim under *Martinez*, a petitioner must show that:

> (1) post-conviction counsel performed deficiently; (2) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different, and (3) the underlying ineffective assistance of trial counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

---

[2] The Nevada Supreme Court does not recognize *Martinez* as cause to overcome a state procedural bar pursuant to Nevada law. *Brown v. McDaniel*, 130 Nev. 565, 571–76, 331 P.3d 867, 871–75 (2014) (en banc). Thus, a Nevada habeas petitioner who relies on *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred, but that he nonetheless has a potentially viable argument for cause and prejudice under federal law.

5

*Ramirez*, 937 F.3d at 1242 (internal quotation omitted). The first and second "cause" prongs of the *Martinez* test are derived from *Strickland v. Washington*, 466 U.S. 668 (1984). *See Ramirez*, 937 F.3d at 1241. Determination of the second prong—whether there was a reasonable probability that the result of the post-conviction proceedings would be different—"is necessarily connected to the strength of the argument that trial counsel's assistance was ineffective." *Id.* (quoting *Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014), *overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798, 819 (9th Cir. 2015) (en banc)). The third "prejudice" prong directs courts to assess the merits of the underlying IAC claim. *See id.* A procedural default will not be excused if the underlying IAC claim "is insubstantial," *i.e.*, it lacks merit or is "wholly without factual support." *Id.* (quoting *Martinez*, 566 U.S. at 14-16).

Here, it is clear that Petitioner would face multiple procedural bars if he were to return to state court with his unexhausted claims. *See, e.g.*, NRS 34.726, 34.810. Petitioner advances only *Martinez* as a basis for excusing the anticipatory default of his ineffective assistance of counsel claims. The Court thus reads Petitioner's opposition as a concession that the only basis for cause as to any of the unexhausted ineffective assistance of trial counsel claims would be *Martinez*, and will consider said claims technically exhausted on that basis.

Petitioner requests, in the alternative, deferring ruling on whether Grounds 1(C), 1(D), 1(F), and Ground 2, as it relates to those claims, are procedurally defaulted. Given the fact-intensive nature of the claims and Petitioner's cause and prejudice arguments, the Court agrees that these questions are inextricably intertwined with the merits of the claims themselves. Accordingly, the Court will defer a determination on whether Petitioner can demonstrate cause and prejudice until the time of merits determination. The motion to dismiss Grounds 1(C), 1(D), 1(F), and Ground 2, as it relates to those

claims, is denied without prejudice. Respondents may renew the procedural default argument as to these claims in their answer.

### III. Conclusion

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 35) is denied as follows:

- Ground 1(E) is exhausted.
- The Court defers consideration of whether Petitioner can demonstrate cause and prejudice under *Martinez* to overcome the procedural default of Grounds 1(C), 1(D), 1(F), and Ground 2, as it relates to those claims, until the time of merits review. Respondents may assert the procedural default argument with respect to these claims in their answer.

It is further ordered that within 60 days of entry of this order, Respondents must file an answer.

It is further ordered that Petitioner will have 60 days from service of the answer within which to file a reply.

DATED THIS 9th day of August 2023.

_____
ANNE R TRAUM
UNITED STATES DISTRICT JUDGE