UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JERRY LEE MORRISSETTE,<br><br>  Petitioner,<br>  v.<br>JOHN HENLEY, *et al.*,<br><br>  Respondents. | Case No. 3:21-cv-00189-ART-CLB<br><br>**ORDER** |

     Petitioner and Nevada state prisoner, Jerry Lee Morrissette, through his appointed counsel, filed a Motion for Transport Order (ECF No. 74 "Motion") to afford Morrisette the opportunity to personally attend the oral argument scheduled in this habeas matter for July 29, 2025. Respondents have not responded to the Motion and the time for doing so has not yet expired. Given the interests of time, the Court exercises its discretion to rule on the Motion without a response from Respondents.

     Under 28 U.S.C. § 2241(c)(5), a district court may extend a writ of habeas corpus to a prisoner if "[i]t is necessary to bring him into court to testify or for trial." In determining whether to issue a writ to bring a state prisoner witness into federal court, a district court should consider factors such as the following: whether "[1] the prisoner's presence will substantially further the resolution of the case, [2] the security risks presented by the prisoner's presence, [3] the expense of the prisoner's transportation and safekeeping, and [4] whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." *Wiggins v. Alameda Cty.*, 717 F.2d 466, 468 n.1 (9th Cir. 1983) (providing this criteria for purposes of an order requiring the presence of a confined plaintiff at a civil trial); *see also Walker v. Sumner,* 14 F.3d 1415, 1422 (9th Cir. 1994) (holding that where the importance of a witness's testimony could

1

1 not be ascertained, the district court did not abuse its discretion when it
2 concluded the inconvenience and expense of transporting the witness from
3 prison outweighed any benefit the witness would provide), *abrogated on other*
4 *grounds by Sandin v. Connor*, 515 U.S. 472 (1995).

5     In Morrissette's case, the purpose of the oral argument is to address legal
6 questions and factual questions that are based on the evidence the Court may
7 legally entertain and that are filed in the Court's docket. The Court will not
8 entertain testimony at the oral argument. The Court finds Morrisette's presence
9 will in no way further the resolution of the case, his presence at the hearing is
10 not justified by the expense of his transportation and safekeeping, transporting
11 him from the prison to the hearing presents an unnecessary security risk, and
12 the suit cannot be stayed until the prisoner is released.

13     It is therefore ordered that the Motion for Transport Order (ECF No. 74) is
14 denied.

15 DATED THIS 10th day of July 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE